# Richmond.

## Seaboard Air Line Railway Company v. Esther DeLoatch, Administratrix of Riddick DeLoatch, Deceased.

### January 19, 1928.

Absent, Burks and Campbell, JJ.

1. Master and Servant—*Yard Brakeman or Switchman—Duties—Case at Bar.*—In the instant case, an action under the Federal employers' liability act (45 U. S. C. A., sections 51-59; U. S. Comp. St., sections 8657-8665), for the death of a yard brakeman or switchman, the discharge of his duties as brakeman and switchman made it necessary for the deceased to get off and on moving trains. He had been getting up and down the same step from which he fell all day.

   *Held:* That decendent was necessarily acquainted with the condition of the step and the danger, if any, incident to its use.

2. Master and Servant—*Federal Employers' Liability Act—Yard Brakeman or Switchman—Burden of Proof.*—In an action by an administratrix under the Federal employers' liability act (45 U. S. C. A., sections 51-59; U. S. Comp. St., sections 8657-8665), against a railroad for the death of her decedent, the burden of proof was on the plaintiff to show that defendant's negligence was the proximate cause of her intestate's injuries which resulted in his death.

3. Master and Servant—*Federal Employers' Liability Act—Yard Brakeman or Switchman—Negligence of Railroad—Case at Bar.*—The instant case was an action by an administratrix for the death of her intestate, a yard brakeman or switchman, while attempting to board the tender of a moving engine on the direction of his conductor. The day was a rainy one and the step of the tender was wet. Apart from the fact that the step was slippery there was no evidence that at the time of the accident it was not in good condition. There was no proof that deceased's foot ever touched the step. It was just as possible that he stepped behind the step.

   *Held:* That plaintiff failed to sustain the burden of proof which was upon her to show the negligence of the railroad.

4. Master and Servant—*Action Against Master for Death of Servant— Yard Brakeman or Switchman Killed while Attempting to Board Mov-*

*ing Train—Evidence of Condition of Step of Tender of Engine at the Time of the Trial—Case at Bar.*—The instant case was an action under the Federal employers' liability act (45 U. S. C. A., sections 51-59; U. S. Comp. St., sections 8657-8665), for death of plaintiff's intestate, a yard brakeman or switchman. Plaintiff's intestate was killed while attempting to board the tender of a moving engine, at the direction of his conductor. There was evidence that at the time of the trial the step of the tender was defective. The engineer testified without contradiction that he inspected the step immediately after the accident and found it in perfect condition and up to the requirements of the interstate commerce law.

*Held:* That the evidence did not warrant the jury in finding that the step was defective at the time of the accident nineteen months prior to the trial.

5. Master and Servant—*Federal Employers' Liability Act—Assumption of Risk—Yard Brakeman or Switchman Boarding Moving Train—Case at Bar.*—The instant case was an action for the death of yard brakeman or switchman while attempting to board the tender of a moving engine at the order of his conductor. The day was a rainy one and the step of the tender was wet. It would be impossible for railroads to discharge their duties to the public if they were required during and after every rain to bring their engines to a standstill before a switchman was allowed to get on or off the train. The conductor was doing nothing out of the ordinary when he ordered plaintiff's intestate to get aboard the moving tender. In obeying that order plaintiff's intestate was performing his duty under the terms of his employment. Under his contract he assumed all the risks incident to his employment, except those arising out of the master's negligence, which were not "obvious or known to and appreciated by the servant."

6. Master and Servant—*Federal Employers' Liability Act—Yard Brakeman or Switchman—Assumption of Risk—Knowledge of Danger—Questions of Law and Fact—Case at Bar.*—The instant case was an action for the death of a yard brakeman or switchman in attempting to board a moving tender on the order of his conductor. The day was a rainy one and the step of the tender was wet. The condition of the step must have been known to plaintiff's intestate who had been using it all day.

*Held:* That the brakeman having full knowledge of the facts, assumed all of the risks arising out of the master's negligence, if any; and the facts being undisputed it was for the court to say whether plaintiff's intestate was or ought to have been acquainted with the risk.

Error to a judgment of the Circuit Court of South-

ampton county, in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Reversed and final judgment.*

The opinion states the case.

*James H. Corbitt,* for the plaintiff in error.

*John N. Sebrell, Jr.,* and *J. Edward Moyler,* for the defendant in error.

West, J., delivered the opinion of the court.

Esther DeLoatch, administratrix of Riddick De-Loatch, deceased, hereafter called plaintiff, brought action against Seaboard Air Line Railway Company, hereafter called defendant, to recover damages for negligently causing the death of Riddick DeLoatch. There was a verdict and judgment for the plaintiff in the sum of $1,000.00, to which this writ of error was awarded.

Plaintiff's intestate, Riddick DeLoatch, was for many years employed by the defendant as a brakeman and switchman. On July 24, 1923, as a member of a train crew upon the defendant's yards at Franklin, Virginia, he was engaged in switching cars which were being used in interstate commerce. The switch engine was backing with the tender in front and was pulling cars which were attached to the front end of the engine. DeLoatch was on the ground and as the tender, upon which the conductor in charge of the crew was riding, passed him, at a speed of four miles per hour, the conductor signalled him to get upon the tender. He ran with the engine a short distance and caught hold

of the grab iron on the side of the tender and in an effort to step up upon the step his right foot was caught under the wheel of the tender and so crushed across the instep that his foot had to be amputated. This operation was performed in Franklin and he was sent to a hospital in Portsmouth where, four days later, he died as a result of his injuries.

It had been raining and the step by the tender was wet. DeLoatch wore rubber boots and had on an overcoat and a raincoat which made it "bunglesome" to step on the engine or tender.

Further reference to the facts will be made during the course of this opinion.

This action is brought under the Federal employers' liability act (45 U. S. C. A. sections 51-59; U. S. Comp. St. sections 8657-8665).

The plaintiff relies upon two alleged acts of negligence on the part of the defendant as grounds for recovery:

1. The conductor, acting as vice-principal, "negligently ordered the deceased to board the moving engine under conditions known to be dangerous and which were the proximate cause of the injury."

2. The defendant "failed to exercise proper care in providing safe place to work, in that it permitted the step upon which the decedent was required to get, to become bent and not in a reasonably safe condition."

The defendant denies that it was guilty of any negligence and relies upon the contributory negligence of the plaintiff as a defense to the action.

The only assignment of error is the refusal of the court to set aside the verdict of the jury and enter judgment for the defendant.

[1] The discharge of his duties as brakeman and switchman made it necessary for the deceased to get

off and on moving trains. He had been getting up and down upon the same step all day and was necessarily acquainted with its condition and the danger, if any, incident to its use.

[2-4] The burden was on the plaintiff to show that defendant's negligence was the proximate cause of her intestate's injuries which resulted in his death. This burden she has failed to carry.. There is evidence that at the time of the trial the iron bars upon which the step is placed were bent slightly on the inside, causing the outward part of the step to slightly incline downward. But this did not warrant the jury in finding that the step was in that condition at the time of the accident, nineteen months prior to the trial. The engine and tender had been sent to the shop for inspection once or twice every month between the date of the accident and the date of the trial. The question at issue was the condition of the engine and tender at the time of the accident, and not at the time of the trial. W. J. Gay, the engineer, testified, without contradiction, that he inspected the step immediately after the accident and found it in perfect condition and up to the requirements of the interstate commerce law (49 U. S. C. A. section 1, *et seq.*; U. S. Comp. St. section 8563, *et seq.*).

There is no proof that the deceased's foot ever touched the step. It is just as probable that he stepped behind the step in front of the wheel of the tender as it is that he placed his foot on the step and it slipped off in front of the wheel. The bars supporting the step were slightly bent, how much we are not told. But the testimony is that the downward incline of the step is so slight that it does not "amount to anything."

[5] It would be impossible for railroads to discharge their duties to the public if they were required during

and after every rain, to bring their engines to a standstill before a switchman was allowed to get on or off the train. The conductor was doing nothing out of the ordinary when he ordered plaintiff's intestate to get aboard the moving tender. In obeying that order plaintiff's intestate was performing his duty under the terms of his employment. Under his contract he assumed all the risks incident to his employment, except those arising out of the master's negligence, which were not "obvious or known to and appreciated by the servant." *S. A. L. Ry.* v. *Horton*, 233 U. S. 492, 34 S. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, Ann. Cas. 1915B, 475.

[6] The facts about the condition of the step at the time of the accident are undisputed and must have been known to and appreciated by plaintiff's intestate, who had been using it all day. Under these circumstances, he assumed all the risks arising out of the master's negligence, if any. The facts being undisputed, it was for the court to say whether plaintiff's intestate was or ought to have been acquainted with the risk.

Upon consideration of the whole case we do not find sufficient evidence to support the verdict of the jury. The judgment and verdict will be set aside and judgment entered here for the defendant.

*Reversed and final judgment.*